ZENO B. BAUCUS
BRYAN T. DAKE
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:   406-657-6101
Fax:     406-657-6058
Email:   Zeno.Baucus@usdoj.gov
         Bryan.Dake@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**
JUN 15 2020
Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. DONALD RAYMOND FOOTE, JR., Defendant. | CR 19-95-BLG-SPW PLEA AGREEMENT |
|---|---|

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States, represented by Assistant U.S. Attorneys Zeno B. Baucus and Bryan T Dake, and the defendant, Donald Raymond Foote, Jr., represented by Steven Babcock and Gillian Gosch, have agreed upon the following:

1

ZBB   DRF   SB   Date   6/15/20

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to Count II of the Indictment, charging Interstate Violation of Protective Order, in violation of 18 U.S.C. §§ 2262(a)(1) and 2265A(a). Count II carries a maximum ten years imprisonment, a $250,000 fine and three years supervised release.

At the time of sentencing, the United States will move to dismiss Count I of the Indictment if the Court accepts this plea agreement.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The Defendant acknowledges that the agreement will be fulfilled provided: a) the United States moves to dismiss, and the Court agrees to dismiss, Count I of the Indictment; and b) the United States makes the recommendations provided below. The Defendant understands that if the agreement is accepted by the Court, and if Count I of the indictment is dismissed against him, there will not be an automatic right to

2

ZBB  DRF  SB  Date
*ZBB  DRF  SB  6/5/20*

withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charge contained in Count II of the Indictment. In pleading guilty to Count II the defendant acknowledges that:

> First, that there was a protection order that prohibited or provided protection against violence, threats, or harassment against, contact or communication with, directly or indirectly, or physical proximity to, another person, specifically Jane Doe 1, Jane Doe 2, and John Doe 1;

> Second; that the defendant traveled in interstate or foreign commerce or, entered or left Indian country, or within the special maritime and territorial jurisdiction of the United States;

> Third, that the defendant did so with the intent to engage in conduct that violated the portion of the protection order that prohibited or provided protection against violence, threats, or harassment against, contact or communication with, or physical proximity to, another person, or that would violate such a portion of a protection order in the jurisdiction in which the order was issued; and

> Fourth, that the defendant thereafter engaged in such conduct that violated the protection order.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during the plea colloquy.

3

ZBB   DRF   SB   Date

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

| ZBB | DRF | SB | Date |
|---|---|---|---|
| *Zbb* | *DRF* | *SB* | 6/15/20 |

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the United States Court of Appeals for the Ninth Circuit for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

5

ZBB    DRF    SB    Date

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Federal Rule of Criminal Procedure 11. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend that the Defendant be given three points for acceptance of responsibility if appropriate under the Guidelines, unless the Defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in any way inconsistent with acceptance of responsibility. The parties reserve the right to make any other arguments and recommendations at the time of sentencing including. The Defendant understands that the Court is not bound by any recommendations made by any party.

6

| ZBB | DRF | SB | Date |
|---|---|---|---|
| Zbb | DRF | SB | 6/15/20 |

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as

*ZBB*  *DRF*  *SB*  6/15/20
ZBB    DRF    SB    Date

to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

11.     **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

8

| ZBB | DRF | SB | Date |
|---|---|---|---|
| ZBB | DRF | SB | 6/15/20 |

12.     **Breach:**  If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

ZBB     DRF     SB      Date

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

KURT G. ALME
United States Attorney

_____
ZENO B. BAUCUS
Assistant U. S. Attorney
Date: 6/15/20

_____
DONALD RAYMOND FOOTE, JR.
Defendant
Date: 06,09,2020

_____
STEVEN BABCOCK
Defense Counsel
Date: 6/15/20

10

ZBB  DRF  SB  Date