STEVEN C. BABCOCK
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
2702 Montana Avenue, Suite 101
Billings, Montana  59101
Phone:  (406) 259-2459
Fax:  (406) 259-2569
steven_babcock@fd.org
      Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD RAYMOND FOOTE, JR.,<br><br>Defendant. | Case No. CR-19-95-BLG-SPW<br><br><br>**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM** |

COMES NOW the Defendant, DONALD RAYMOND FOOTE, JR., by and through his counsel of record, STEVEN C. BABCOCK and the FEDERAL DEFENDERS OF MONTANA, and offers this Response to the Government's Sentencing Memorandum to this Honorable Court for Don's sentencing to be held on January 14, 2021.

I.  **INTRODUCTION**

Don was charged by Indictment with Stalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2265A(a) – Count I; and Interstate Violation of a Protective Order, in violation of 18 U.S.C. §§ 2262(a)(1) and 2265A(a) – Count II.  On September 26, 2019, Don entered a plea of not guilty to both counts and was released pursuant to conditions of supervised release.  During pre-trial stage, Don was fully compliant with the terms of his release.

On June 16, 2020, pursuant to a plea agreement Don entered a plea of guilty to Count II before Judge Cavan.  On July 2, 2020, this Court adopted Judge Cavan's findings and recommendations on the plea of guilty to Count II.  Don did not enter a plea of guilty to Count I.  The Government states that Don's failure, "to admit basic factual allegations contained in the PSR only underscore his detachment from reality and, as such, an incapacity to appreciate the wrongfulness of his actions and necessity to not engage in such conduct again." Gov. Sent. Memo pg. 10.  The vast majority of the Offense Conduct section of the PSR relates to the alleged offense conduct of Count I.  The basic factual allegations in Count II:  (1)  That there was a protective order that prohibited Don from being in physical proximity of Bullock; (2)  Don travelled from the State of Wyoming to the State of Montana;  (3)  That Don did so to be in close physical proximity of Bullock;  (4)  That by engaging in such conduct Don violated the protective order.  Under oath at the change of plea,

Don admitted to the facts that form the essential elements of Count II. Admitting the factual assertions of Count I is not required.

Additionally, Bullock post change of plea has made factual assertions that suggest Don was violent towards her. PSR ¶10. As stated in the objection to PSR ¶10 these statements were never made by Bullock in any of her numerous statements to law enforcement. Don continues to deny the statements objected to in the PSR.

## II.    RESTITUTION

Don objects to the restitution requested by Bullock and to the amount stated in the PSR. PSR ¶s 21-22.

## III.   ADVISORY GUIDELINE RANGE

The guidelines are the starting point in a sentencing proceeding. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). This Court then is to consider the § 3553(a) factors. *Id.* The guidelines are not to be presumed reasonable nor should the guidelines be given more or less weight than any other factor. *Id.* The PSR has calculated the advisory guideline range at 37 months to 46 months. PSR ¶ 87. Don does object to the calculation of the advisory guidelines.

As stated in the PSR Don objects to the 4 level enhancement pursuant to USSG § 2A6.2(b). He acknowledges that based upon the pled to conduct a 2 level increase is appropriate. The PSR states that Don violated the protective order multiple times between September of 2018 and December of 2018. "The offense conduct section of the presentence report details defendant's actions leading up to

his arrest which included stalking and harassing Teresa Bullock." PSR Addendum. Don has objected to the veracity of the allegations made in relation to Count I. The PSR author has concluded that the statements made by Bullock are reliable and form the "totality of the circumstances" to establish the 4 level enhancement. USSG § 2A3.2, comment (n.3). This is for the Court to decide.

Don contends that the advisory guideline range should be 30-37 months.

## IV.   18 U.S.C. § 3553(a)

### A.   The Nature and Circumstances of the Offense

As stated above Don has admitted to the essential elements of Count II of the Indictment. He denies the relevant conduct associated with Count I.

Don met Bullock in May/June of 2017. The two met during the Cody Rodeo in Cody, WY. At the time Bullock was going through a divorce in the State of Wyoming. Bullock had no residence but was in possession of a horse trailer that was equipped with living quarters. Bullock with the assistance of Don moved the horse trailer to Don's residence on South Fork Road outside of Cody, WY. Bullock did not reside in the horse trailer.

Bullock and her daughter moved into Don's residence at the South Fork residence. This was in violation of the lease that Don had signed with the owner of the residence. This resulted in Don being evicted from the South Fork residence and moving with Bullock to Ralston, WY. Despite the claims made by Bullock she was in a romantic relationship with Don. Bullock, her daughter and Don's daughters all

resided at the residence in Ralston. Don paid for the rent and the bulk of the other financial obligations. Bullock was still involved in her divorce proceedings.

With the financial help of others Bullock entered into a business venture called Smile Bright at the Rimrock Mall in Billings in December of 2017. Don completed the construction of the business and it opened to the public in late December of 2017. At this time Bullock rented a one bedroom apartment in south Billings. During the construction of the business and after Smile Bright opened Bullock traveled back and forth between Billings and Ralston, WY. Bullock and Don were definitely a couple. Don's eldest daughter worked at Smile Bright. Don was never compensated for the construction of Smile Bright. Additionally, during this time Don moved Bullock's mother from Salt Lake City to Wyoming.

In the summer of 2018 Bullock opened another store at the Rimrock Mall. Cutie Patootie opened in approximately July of 2018. At this time Bullock rented an apartment near the Rimrock Mall in Billings. Once again Don completed the construction for the new store. Don was not compensated for this work. In the summer of 2018, the relationship between Bullock and Don started to deteriorate. Despite Bullock's claims, Don had submitted numerous invoices to Bullock. These invoices were provided to the PSR author and the Government. The invoices are referenced to in PSR ¶84.

This information is important to understand the true relationship between Bullock and Don. Why would Don move Bullock multiple times, care for her horses,

supervise her children and construct two businesses for her if they were not in a romantic relationship? They were. If Don was just a friend that did all of this work for Bullock why was he not entitled to compensation? See PSR ¶84.

In July of 2018 Bullock entered into Don's residence when he was not home and retrieved her personal belongings. This essentially ended the relationship. Don demanded the money that he is owed and soon thereafter Bullock obtained the temporary order of protection in Billings Municipal Court in August of 2018. Bullock has asserted that Don had entered her residence on numerous occasions and each time he hung a picture of himself in various locations. PSR ¶18. Not true. Bullock contacted law enforcement numerous times. No picture was ever turned over to law enforcement. The permanent order of protection was issued on October 30, 2018.

Don violated the order of protection by being in close proximity to Bullock on December 29, 2018. He has admitted this fact and is now a federally convicted felon.

B.   **History and Characteristics**

Don is a fifty-year old man. He has no substance abuse issues. Don has one prior felony conviction in which he received a sentence of unsupervised probation with a restitution obligation that has been satisfied. PSR ¶42. This conviction results in three criminal history points because Don was on unsupervised probation at the time of the offense conduct in the instant offense. PSR ¶44.

Don was married to Suzanne Johnson from 2003-2011. They share two children together. The divorce was tumultuous. Suzanne and Don had many disagreements about the parenting of their daughters. In 2013 Don was convicted of a Violation of a Temporary Order of Protection. PSR ¶41. The Government has asserted that, "the offense involved Foote's interactions with his ex-wife and conduct that is eerily similar to what he did just five years later." Gov. Sent. Memo pg. 8. Suzanne was interviewed at her place of employment in Cody, WY. Suzanne discussed the difficult divorce; however, she praised Don for his work ethic and commitment to their daughters.

The Government states, "it is notable that based upon his broad factual objections to the PSR, this appears to be the same common sense –defying argument that Foote advanced with respect to the instant offense:  while he is guilty of violating an order of protection someone else must have contacted the victim multiple times, using aggressive and vulgar language, during the same period that he ran afoul of the protection order, but it was not him." Gov. Sent. Memo pg. 9. As stated numerous times pursuant to a Plea Agreement offered by the Government and accepted by Don a guilty plea was entered to Count II – not Count I. While the vast concept of relevant conduct is defined in the United States Sentencing Guidelines it should not be extended to an application of 18 U.S.C. 3553 – history and characteristics of the defendant. Especially unproven and unadmitted conduct.

Don has been fully compliant with the terms of his release for the past fifteen months. Allegations were made that Don was in close proximity to one of Bullock's children. He went to the hardware store. Don has proven to this Court that he can follow the terms of supervised release in the community.

Don takes his role as a provider for his family very serious. He is a very hard worker as indicated by his employment record in the PSR. Past employers have stated that Don is a valued employee that does quality work and is dependable. PSR ¶s 71-74. Most of all Don is a good dad. He has been extremely active in the lives of his two teenage daughters.

### C. Seriousness of the Offense, Respect for the Law, and Just Punishment

The overriding statutory purpose is for the Court to impose a sentence that is sufficient but not more than necessary. Don is requesting a sentence of probation for a period of five years. Probation is a form of punishment. Under the Sentencing Reform Act of 1984, probation became a sentence in and of itself, thus becoming punishment. *United States v. Corpuz*, 953 F.2d 526, 529 (9th Cir. 1992). Not prisoners but not free citizens, a liberty-restricted probationer reflects a meaningful "point of a continuum of possible punishments." *Griffen v. Wisconsin*, 483 U.S. 868, 874 (1987). "[I]t is said that there is nothing like being sentenced to hang in the morning to focus a man's thoughts, and it is improbable that the district court's

stern warning will be an ineffective deterrent in this case." *United States v. Autery*, 555 F.3d 864, 876 (9th Cir. 2009).

## V.  CONCLUSION

For the above stated reasons, Don requests that the Court impose a sentence of probation for a period of five years.

RESPECTFULLY SUBMITTED this 5th day of January, 2021.

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
    Counsel for Defendant

CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on January 5, 2021, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-EDF |
| ____ | Hand Delivery |
| 3 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. ZENO B. BAUCUS
   BRYAN T. DAKE
   Assistant United States Attorneys
   United States Attorney's Office
   2601 2nd Avenue North, Suite 3200
   Billings, MT  59101
      Counsel for the United States

3. DONALD RAYMOND FOOTE, JR.
      Defendant

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
   Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 12.1(e). The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14 point size and contains 1877 words, excluding tables and certificates.

DATED this 5th day of January, 2021.

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
Counsel for Defendant